[2,663.]

# F. W. DELGER *v.* PERRY JOHNSON.

MOTION TO DISSOLVE INJUNCTION.—When the defendant moves, on the complaint and answer, to dissolve an injunction, the answer will be treated, for all the purposes of the motion, as an affidavit, and the plaintiff, on the hearing of the motion, is entitled to reply to the answer by affidavits.

IDEM—SERVICE OF COPIES OF AFFIDAVITS.—The plaintiff is not required to serve upon the defendant copies of affidavits used in reply to the answer, on a motion to dissolve an injunction.

ERROR WITHOUT INJURY.—If the Court erroneously rejects evidence which is not necessary in the case, so that the party offering it sustains no injury by the rejection, the error will not be considered on appeal.

WHEN INJUNCTION WILL NOT BE RETAINED.—The injunction will not be retained where it appears that the acts, the performance of which is sought to be restrained, had been performed before the order for the injunction was made or served.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

The plaintiff brought an action against the defendant, as Marshal of the City of Oakland, to restrain the commission of waste in the opening of a public street through premises owned by the plaintiff. The complaint was filed June 8th, 1870, and on the application of the plaintiff on the same day, the Court granted an injunction, based upon the complaint alone. The defendant answered and served notice, that he would move, on the complaint and answer, to have the injunction dissolved.

By consent, the motion to dissolve was heard on the 14th of July, 1870, before the Judge, at chambers. On the hearing, the attorney for the plaintiff offered to read two affidavits in opposition to the motion. Defendant's attorney objected to the reading, because copies of the affidavits had not been served on him, and because he had not received notice that they would be read. The Judge sustained the objection, and upon the complaint and answer, which were verified, dissolved the injunction.

The plaintiff appealed from the order dissolving the injunction.

The other facts are stated in the opinion.

*Charles A. Tuttle* and *S. F. Gilchrest*, for Appellant.

The affidavits were offered in support of the plaintiff's ownership and possession. It was error to exclude them. (*Falkinburgh* v. *Lucy*, 35 Cal. 52; *Hicks* v. *Michael*, 15 Cal. 107; *Grigsby* v. *Bennett*, 31 Cal. 406; *Curran* v. *Shattuck*, 24 Cal. 431; *Daubenspeck* v. *Greer*, 18 Cal. 443.)

When the defendant moves to dissolve the injunction upon the complaint and answer alone, he makes the answer an affidavit, and the plaintiff is entitled to read affidavits on the hearing. It would appear in this case that the Judge

wished to compel the plaintiff, in advance, to serve copies of these affidavits on the opposite counsel. We know of no such rule, nor could such service be of any avail. The defendant makes his answer his affidavit, and can use no other. The Judge should have received the affidavits, and if the opposite counsel wanted time to reflect on their contents he could have adjourned the argument, or allowed time to file brief.

*H. H. Havens*, for Respondent.

⌐ If the affidavits had been admitted and considered, they only recited an allegation in the complaint of the ownership and possession of real property, denied and put in issue by the answer, and unadjudicated; and the decision of the motion on that point alone would and must have been the same. The affidavits related solely to plaintiff's title and possession. (*Curtis* v. *Sutter*, 15 Cal. 259.) The matters and things enjoined were all done and performed by defendant, before the injunction was sued out and served, and being done, the defendant's insolvency creates no equitable grounds for an injunction, his whole liability, if liable at all, having already been incurred. (*Gardner* v. *Perkins*, 9 Cal. 553; *Burnett* v. *Whitesides*, 13 Cal. 156; *Johnson* v. *Wide West Ins. Co.*, 22 Cal. 479; *Real Del Norte Mining Co.* v. *Pond Co.*, 23 Cal. 82; *Leach* v. *Day*, 27 Cal. 643.)

By the Court, RHODES, J.:

It was held in *Falkinburgh* v. *Lucy*, 35 Cal. 52, and many other cases in this Court, that when the defendant moves, on the complaint and answer, to dissolve an injunction, the answer will be treated for all the purposes of the motion as an affidavit, and that the plaintiff on the hearing of the motion is entitled to reply to the answer by affidavits. The defendant concedes the right of the plaintiff to file the two

affidavits which he offered to read, but contends that the Court has the discretion to refuse the plaintiff the use of them on the hearing of the motion, unless copies were served. The statute does not require the service of copies of such affidavits; and we think it was error for the Court to deny the plaintiff the use of them on the hearing. The affidavits, however, are only in corroboration of the averments of the complaint in respect to the plaintiff's title to, and possession of, the land over which the proposed street will run; and as the averments in the complaint, of the plaintiff's title and possession, are not denied in the answer, the affidavits were unnecessary; and, therefore, the ruling of the Court excluding them worked no injury to the plaintiff.

The answer sets up a fact which, if true, would justify the Court in dissolving the injunction. It is there alleged that the defendant, who was acting as the City Marshal, had completely opened the street, removing all obstructions therefrom, two days prior to the service of the complaint and the order of injunction, and one day prior to the making of the order.

The injunction will not be retained, where it appears that the acts, the performance of which is sought to be restrained, had been performed before the order for the injunction was made or served. The plaintiff was entitled to reply to those facts by counter affidavits, if he could show that the statements of the defendant were not true; but he failed to do so.

Order affirmed.