[No. 12070.  In Bank. — April 27, 1887.]

FREDERICK W. HEFFLON, APPELLANT, v. W. W. BOWERS, RESPONDENT.

INJUNCTION — APPLICATION FOR DISSOLUTION — NOTICE WHEN NECESSARY. — Under section 532 of the Code of Civil Procedure, an injunction granted upon an *ex parte* application of the plaintiff cannot be set aside upon a showing made by the defendant that since the issuance of the injunction the matter complained of has been abated, unless a notice of the application to dissolve the injunction is given to the plaintiff.

ID. — CERTIFICATE IDENTIFYING PAPERS — APPEAL. — The complaint and affidavits upon which the injunction was granted established a *prima*

*facie* case for its issuance. The *ex parte* application for its dissolution was made upon affidavits filed on behalf of the defendant, and the order of dissolution recited that affidavits were used at the hearing, showing that the nuisance enjoined had been abated. On an appeal from the order of dissolution, *held*, that a certificate of the clerk or judge identifying the affidavits used on the hearing was not necessary.

APPEAL from an order of the Superior Court of San Diego County dissolving an injunction.

The facts are stated in the opinion of the court.

*Deakin & Wadham,* for Appellant.

*Luce & Henderson,* for Respondent.

PATERSON, J. — The injunction in this case was granted on the *ex parte* application of plaintiff, and was based upon the verified complaint and an affidavit.

Thereafter, the defendant presented several affidavits to the court, showing that the injurious effects complained of by plaintiff were not due, as alleged, to defects in the sewer, and that the break in the sewer, which was alleged to be the principal source of the nuisance, had been repaired since the issuance of the injunction.

Upon these affidavits, and the complaint and affidavit of plaintiff, the court, on motion of defendant, without notice to plaintiff, and without giving him an opportunity to reply, dissolved the injunction. Respondent claims that plaintiff was not entitled to be heard on the motion to dissolve, because the injunction was issued without notice. Section 937, Code of Civil Procedure, upon which he relies, provides that " an order made out of court, without notice to the adverse party, may be vacated or modified without notice by the judge who made it; or may be vacated or modified on notice in the manner in which other motions are made." The manner of procuring a revocation of the order granting an injunction, however, is prescribed in section 532, Code of Civil Procedure, which reads as follows: " If an in-

junction be granted without notice, the defendant, at any time before the trial, may apply, upon reasonable notice, to the judge who granted the injunction, or to the court in which the action is brougnt, to dissolve or modify the same. The application may be made upon the complaint and the affidavit on which the injunction was granted, or upon affidavit on the part of the defendant, with or without the answer. If the application be made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to those on which the injunction was granted."

The contention of respondent that the last clause of this section applies only in cases where the injunction has been granted after notice to the defendant cannot, we think, be maintained. There is no such limitation in the language of the section, and there is no reason for the application of the rule prescribed by section 937, where the facts are like those in the case at bar. So long as the defendant rests his right to have the order vacated or modified upon the same matters which were considered by the court in granting it, there can be no good reason for allowing the plaintiff to be heard; but when the defendant goes further, and offers evidence to overcome the plaintiff's *prima facie* case, and especially in cases like this, where he relies upon the fact that since the issuance of the injunction the principal thing complained of has been abated, it becomes necessary, by virtue of both the reason and the letter of the rule, that the plaintiff should be permitted to support with additional evidence the *prima facie* case, which is all he was required to make in the first instance. (*Falkinburg* v. *Lucy*, 35 Cal. 52; *Delger* v. *Johnson*, 44 Cal. 182; *Hiller* v. *Collins*, 63 Cal. 235.) Any other construction of the two sections quoted above must result in annoying repetitions of the application upon additional affidavits in support thereof, and a trial by piece-meal of most important matters.

The authorities cited by respondent state the general rule applicable to *ex parte* orders, and speak of it as applicable to orders for the dissolution of injunctions; but each one is a case in which the application for revocation of the order was based upon the showing made by the plaintiff.

In *Borland v. Thornton*, 12 Cal. 440, it is true, the court said in effect that the provision especially applicable to injunctions is not inconsistent with or a limitation upon the more general language of section 334, Practice Act (Code Civ. Proc., sec. 937), but the decision in that case was made upon the ground that the injunction had been improvidently issued on a complaint barren of all equity to support it. The defendant moved to vacate on the complaint and affidavit of plaintiff, yet the court said that while it was "competent for the judge to vacate or modify the injunction without notice, it was not the better practice, and should never be done except when from the urgency of the case it was necessary to guard against serious loss, which sometimes might be occasioned by the delay incident to serving notice, and except where the injunction has been improvidently granted upon a complaint disclosing no ground whatever for equitable relief, as in the present case."

The point made by respondent, that the appeal should be dismissed because the clerk's certificate showing what papers were used at the hearing is not sufficient in the absence of a certificate of the judge or a bill of exceptions, is without merit. In his application for a revocation of the order, the defendant, by his attorneys, Messrs. Luce and Henderson, states that "the motion is made on the petition and affidavit on which the injunction was issued, *and upon the appended affidavits on the part of the defendant*, showing that no nuisance exists, and the security is insufficient." The order of the court granting the motion to dissolve states that upon the hearing

the defendant read in evidence—in addition to the papers upon which the injunction was issued—the affidavits of T. L. Magee, W. W. Bowers, P. C. Remondino, and T. C. Stockton. It becomes unnecessary to say, therefore, whether the affidavits set forth in the transcript are the same that were used at the hearing. It clearly appears from the written application of defendant, and from the order of the court that defendant did, in fact, use affidavits on his own behalf "showing that no nuisance exists," and the order must have been granted upon the affidavits of the defendant, inasmuch as the papers on which the plaintiff procured the injunction establish a *prima facie* case for the issuance thereof.

The question as to who made the affidavits is not material. They contained matters that were material and considered by the court, and plaintiff should have been permitted to reply thereto.

The order is reversed.

McFARLAND, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

TEMPLE, J., dissenting.—This is an appeal from an order dissolving an injunction. The injunction was granted *ex parte* and out of court, and was dissolved by the judge who made the order for the injunction, without notice, on motion of the defendant, and on such motions affidavits on the part of the defendant were read.

The new affidavits tended to show that the sewer no longer constituted a nuisance, and there was urgent necessity for the immediate dissolution of the injunction to prevent great and irreparable loss to defendant.

It was also shown that the security was insufficient.

The transcript contains no certificate of the judge or clerk identifying the affidavits as those which were used on the hearing of the motion to dissolve.

. The first order granting the injunction recites that it was made on the complaint and an affidavit. The motion to dissolve was based upon these papers as well as the new affidavits.

Unless we are prepared to overrule *Nash* v. *Harris*, 57 Cal. 243, and *Baker* v. *Snyder*, 58 Cal. 617, we cannot look at these affidavits, and cannot know that the dissolution was not granted for insufficiency of the papers upon which it was originally granted.

But if the affidavits were properly authenticated, I still think the order should be affirmed. It is said that section 937, Code of Civil Procedure, cannot apply to injunctions, because section 532 is a special provision covering that subject; and that even if section 937 does include injunction orders, still they are *in pari materia*, and no new affidavits can be read on such *ex parte* application, because in section 532 it is provided that if affidavits are used by the defendant, the plaintiff may read additional affidavits in support of his original showing. It is not necessary to give the statute this construction. Section 532 merely prescribes the practice when the dissolution is asked on notice, and a contest is inaugurated, and *ex vi termini* cannot apply to a motion which is *ex parte*. There is no inconsistency in the two modes of procedure, and the effect of dissolving or refusing to dissolve, with notice or without, are quite different. Where notice is given, the matter is no longer in the discretion of the court, but is final until the trial.

The only question really is, whether section 937 applies to orders for injunctions at all, for if it does, this court cannot, under pretense of construing the statute, restrict its operation. If an *ex parte* application may be made to dissolve, and the grounds upon which such application may be made are not limited by the statute, it would follow, as a matter of course, that such application may be based upon any matter which would justify its dissolution.

But this is not an open question in this state. In *Fremont* v. *Merced Mining Co.*, 9 Cal. 19, it was expressly held that a motion to dissolve an injunction granted *ex parte* could be made by the defendant without notice. The court refers to section 334 of the Practice Act, which corresponds to section 937 of the Code of Civil Procedure, and held that it justified the action of the court below. The report of that case is not very full, but evidently the application to dissolve was based on affidavits.

The same ruling was made in *Thornton* v. *Borland,* 12 Cal. 440. The learned judge approves the practice only when from the urgency of the case it was necessary to guard against serious loss, which sometimes might be occasioned by the delay incident to giving notice. Of course, urgency which would render notice impracticable could only be made to appear by an affirmative showing.

This practice has, I believe, always prevailed in this state, as also in the state of New York, from which we have taken these two sections of the Practice Act.

The court in the last case very properly suggests that the judge should require notice where it is practicable. And the same discretion should be exercised upon making the order for injunction in the first instance.

I have never heard this practice called in question until now, and there can be no doubt whatever that the rule which has heretofore prevailed is much the most beneficial and reasonable. I cannot even imagine a plausible objection to it on the score of expediency. The facts in the case at bar well illustrate its usefulness and necessity.

The defendant keeps a hotel, having about 150 boarders, and discharging about three thousand gallons of sewage per day. The alleged nuisance was caused by a leak in the sewer near the residence of plaintiff, and from the fact that the sewer does not extend quite far enough into tide-water. From the moving papers themselves, it appears

that the sewer could, by a little alteration, be used without creating a nuisance. It appears that the stoppage of the sewer for a very short time would create at the hotel an intolerable nuisance. It was shown on the motion to dissolve that the leak no longer existed, and that the sewer was extended into the sea. Of course we must suppose that the judge was completely satisfied on these points, and that this claim that the nuisance no longer existed is absolutely true beyond doubt.

The injunction ought not, in the first instance, to have prohibited the use of the sewer absolutely; but only while such use would create a nuisance. But it did prohibit its use altogether.

An attorney may practice law in every county in the state. How long it would have been required to give notice in this case does not appear. The attorney probably resided at San Diego. This the judge could best determine. Had he been a resident of a distant county, as we may suppose he was, to test the rule, notice could not have been given under several days, even if the time had been shortened by the judge.

Under such circumstances, must the court permit the defendant's business and property to be entirely ruined by the delay, in the face of conclusive proof that the dissolution of the injunction could not possibly injure any one?

The rule which has heretofore prevailed in this state, and which still obtains in other states, is, no doubt, to some extent an innovation upon the rule formerly enforced by courts of chancery. But it should be remembered that the use of the writ of injunction as a preventive writ has been greatly extended. Formerly chancellors were reluctant to grant the writ, except in very few cases.

Rules which were sufficient for the purposes of justice, under such practice, would be plainly inadequate now,

when any business may be unjustly interrupted by a false *ex parte* showing of some adversary.

I think the judge properly exercised his discretion in dissolving the injunction, and that the order ought to be affirmed.