[L. A. No. 830.   Department Two. — July 9, 1901.]

SHERMAN PAGE, Appellant, v. M. L. VAUGHN et al., Respondents.

133   335
f147  724

INJUNCTION GRANTED WITHOUT NOTICE — DISSOLUTION — NOTICE REQUIRED — POWER OF COURT. — Although an injunction has been granted upon the complaint without notice to the defendant, the defendant, in order to give the court power to dissolve it, must serve notice of his motion upon the plaintiff, pursuant to section 532 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Kern County dissolving an injunction.   J. W. Mahon, Judge.

The facts are stated in the opinion.

C. C. Wright, and Roger S. Page, for Appellant.

Alvin Fay, and E. J. Emmons, for Respondents.

GRAY, C.—This is an appeal from an order dissolving an injunction.

The plaintiff alleged in his verified complaint that he and the defendant M. L. Vaughn were each owners of an undivided one-half interest in a certain mining claim situated in Kern County; that investigation had demonstrated that the ores in

said mine could not be extracted, shipped, and treated in any mill available for that purpose without great waste and loss, and for that reason, on a certain day, plaintiff notified defendants that he would not then engage in working said mine, nor become a partner with them for that purpose, and at the same time objected to the removal of the ores in which he had an interest; that, thereafter, defendants, intending and conspiring to cheat and defraud plaintiff, and to deprive and exclude him from his said property, and intending to convert the same, and the whole thereof, to their own use, entered upon said property with a large force of men, and took exclusive possession of all parts thereof, where work could be done or in which there is ore of any present value, and have ever since held such possession, to the entire exclusion of plaintiff; that defendants, while so in possession, have committed, and are still committing, great waste and irreparable injury and damage to plaintiff's interest in said property, by carrying away some of the ore, mixing it with worthless waste matter, throwing some of it over a steep incline, and covering it with a large mass of *débris*, where it cannot be recovered; that defendants have taken out large quantities of high-grade ore, without regard to the method or safety of the shaft, and have done their work in a very unminer-like manner; that they have left the shaft untimbered and in a dangerous condition, and have committed numerous other acts specifically set out in the complaint, all of which, as is alleged, will tend to great waste and destruction of the property, and for all of which plaintiff has no adequate redress or remedy at law. Plaintiff further alleges that he has demanded possession of his interest in the said property, and defendants have refused, and still refuse, to permit him to enter into possession of said interest; that defendants and their employees still hold possession of said property, and are working the same as aforesaid, to the exclusion of plaintiff, and threaten to continue said work, and to commit further waste and irreparable injury to the said property. Plaintiff demands judgment for the possession of his interest in said property, for damages, and that during the pendency of the action the defendants be restrained by order of the court from interfering in any way with plaintiff's interest in said property, and from taking from said property or treating any of the ores thereof, and from disposing of any of the proceeds derived therefrom.

Upon this complaint, and without notice to the defendants, an injunction was granted by the court as prayed in said complaint. Thereafter the defendants filed a verified answer, denying all the material allegations of the complaint, except that the plaintiff and M. L. Vaughn are the owners, as co-tenants, of the mine, which is admitted, and averring that at no time has plaintiff been denied access to the mine or possession of his interest therein. Upon the said complaint and answer the defendants, without notice to plaintiff, subsequently moved the court to dissolve the injunction, and it is from the order granting said motion that this appeal is taken.

Section 532 of the Code of Civil Procedure provides: "If an injunction be granted without notice, the defendant, at any time before trial, may apply, upon reasonable notice to the judge who granted the injunction, or to the court in which the action is brought, to dissolve or modify the same. The application may be made upon the complaint and the affidavit on which the injunction was granted, or upon affidavit on the part of the defendant, with or without the answer. If the application be made upon affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to those on which the injunction was granted." The evident purpose of the foregoing statute is to empower the court to dissolve its injunction only after notice to the plaintiff. The meaning of the statute is plain, and to put a construction on it that would dispense with the notice required by it is to construe one provision of the statute out of existence, and thereby thwart the purpose of the legislature in enacting it. If there were ever any doubt as to the language of the statute, its meaning must be taken as settled in the well-considered case of *Hefflon* v. *Bowers*, 72 Cal. 270. On the authority of the statute cited, as construed in that case, we think the court erred in dissolving the injunction without notice to plaintiff. It would add nothing to the law to here repeat the reasoning contained in the case cited.

We advise that the order appealed from be reversed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

Henshaw, J., McFarland, J., Temple, J.