[ Sac. No. 1140.   Department Two.—September 16, 1905.]

## CHERRY HILL GOLD MINING COMPANY, Appellant, v. E. D. BAKER, and JACOB RUPLEY, Respondents.

INJUNCTION—EX PARTE MODIFICATION OF PRELIMINARY INJUNCTION.—
    A preliminary injunction can only be dissolved or modified after
    notice to the plaintiff, and it is error to modify it in important
    particulars *ex parte.*

APPEAL from an order of the Superior Court of Siskiyou County modifying a preliminary injunction.   J. S. Beard, Judge.

The facts are stated in the opinion of the court.

James F. Farraher, and E. A. Belcher, for Appellant.

R. S. Taylor, and L. F. Colburn, for Respondents.

HENSHAW, J.—The court having granted a preliminary injunction upon the verified complaint of plaintiff, subsequently, upon the *ex parte* application of defendants, modified this injunction in important particulars.   The appeal is from this latter order, and involves the single question as to the power of the court so to do, without notice to plaintiff.   This question must be considered as definitively settled in favor of appellant by the cases of *Hefflon* v. *Bowers,* 72 Cal. 270, [13 Pac. 690], and *Page* v. *Vaughn,* 133 Cal. 335, [65 Pac. 740].   In the latter case it is said: "The evident purpose of the foregoing statute (Code Civ. Proc., sec. 532) is to empower the court to dissolve its injunction only after notice to the plaintiff.   The meaning of the statute is plain, and to put a construction on it that would dispense with the notice required by it, is to construe one provision of the statute out of existence, and thereby thwart the purpose of the legislature in enacting it."   There is not, of course, here involved the question of the power of the court to modify or dissolve its preliminary injunction.   It is merely a question of procedure.   It is still always open to defendant, upon such notice as the court may direct, to obtain all the relief to which he may be entitled.

For the foregoing reason the order appealed from is reversed.

McFarland, J., and Lorigan, J., concurred.