[Civ. No. 555. Third Appellate District.—January 27, 1909.]

## JULIA HATCH et al., Appellants, v. SHELDON J. RANEY et al., Respondents.

INJUNCTION—IMPROPER PRELIMINARY WRIT—RESTRAINT OF CONSUMMATED TRESPASS—DESTRUCTION OF DITCH BEFORE SUIT.—When a complaint for an injunction to restrain the defendant from interfering in any manner with plaintiffs' water ditch extending across defendant's land shows on its face that the ditch was destroyed more than one year prior to the issuance of the preliminary writ, the writ was improperly issued, and it was properly dissolved.

ID.—OFFICE OF INJUNCTION PREVENTIVE AND NOT REMEDIAL.—The office of the writ of injunction issued pending suit is preventive and not remedial, to restrain the wrongdoer, and not to punish him after the wrong has been done, or to compel him to undo it.

ID.—EFFORTS TO RESTORE DITCH—ANSWER—AFFIDAVITS AND COUNTERAFFIDAVITS—DISCRETION NOT ABUSED.—If it be admitted that the complaint shows interference with plaintiffs' efforts to restore the ditch, yet when the answer denies all of the material allegations of the complaint, and the complaint is supported by affidavits, and the answer by counter-affidavits, the question of the dissolution of the temporary injunction was addressed to the discretion of the court, and if its discretion does not appear to have been abused, its action in dissolving the injunction will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of Fresno County, dissolving a preliminary injunction. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

H. Scott Jacobs, for Appellants.

Robt. W. Miller, for Respondents.

BURNETT, J.—The appeal is from an order dissolving a preliminary injunction that was issued on the filing of the complaint.

The action was brought to restrain defendants from interfering in any manner with plaintiffs in the use of a certain water ditch extending across the lands of defendant Sheldon J. Raney, plaintiffs claiming an easement therein, and also to

quiet "plaintiffs' title in and to said ditch and their right to
run water therein over, across and through the lands of said
defendant, Sheldon J. Raney."

The alleged wrong of which complaint is made, the destruc-
tion of the ditch, had been committed more than a year prior
to the issuance and service of the writ. Hence, the writ was
improperly issued in the first instance, and for that reason
the court was justified in dissolving it.

"The office of a writ of injunction, as its name imports, is
peculiarly a preventive and not a remedial one; it is to re-
strain the wrongdoer, not to punish him after the wrong has
been done or to compel him to undo it." (*Stewart* v. *Su-
perior Court,* 100 Cal. 546, [35 Pac. 156, 563].) "Besides, it
has been decided by the court that a preliminary injunction
'will not be retained where it appears (by the answer, uncon-
tradicted by affidavit) that the acts, the performance of which
is sought to be restrained, had been performed before the or-
der for the injunction was made or served.' (*Delger* v. *John-
son,* 44 Cal. 182.) A *fortiori,* where the fact of performance
appears in the complaint, as in this case." (*Gardner* v.
*Strover,* 81 Cal. 151, [22 Pac. 483].)

But if it be admitted that sufficient facts were alleged to
justify the court in the issuance of the injunction to restrain
defendants from interfering with any effort of plaintiffs to
restore the ditch, still we must hold that the court did not
abuse its discretion in the order of dissolution. The mate-
rial allegations of the complaint were all denied by the answer,
and the latter was supported by certain affidavits set out in
the transcript. It is true that counter-affidavits were filed by
plaintiffs, but at most, there was simply a conflict in the evi-
dence, and it is impossible for us to say that the court was
not justified in acting favorably upon the showing made by
the defendants. In *Marks* v. *Weinstock, Lubin Co.,* 121 Cal.
55, [53 Pac. 362], the supreme court said: "It is a well-settled
rule that the dissolution or continuance of a preliminary in-
junction is a matter largely within the discretion of the trial
court, and its action will not be disturbed on appeal, unless it
appears from the record that its discretion has been abused."

We can see no merit in the appeal, and the order is, there-
fore, affirmed.

Chipman, P. J., and Hart, J., concurred.