[Sac. No. 2015.   Department Two.—March 24, 1914.]

## ISLAND RECLAMATION DISTRICT NO. 776, Respondent, v. FLORIBEL ALFALFA SYNDICATE (a Corporation), et al., Appellants.

WATERS AND WATERCOURSES—ERECTION OF DAM CAUSING OVERFLOW—INJUNCTION IN FAVOR OF RECLAMATION DISTRICT.—A reclamation district, whose lands are protected from river inundation by a levee, is entitled to a preliminary injunction against the erection of a dam across a portion of the river just below the point of its division into two channels, if the effect of the dam will be to force all the waters into one channel of the stream in such a way as to cause the overflow of the flood waters across the levee, and not only cause its destruction, but also that of the crops and orchards upon the lands embraced within the district.

Id.—Erection of Dam—Overflow of Adjacent Lands—Prohibitory or Mandatory Injunction.—One may not dam the natural flow of a stream to the detriment of his neighbor by causing the water to empty upon the latter's land; prohibitory injunction will issue where the damage is threatened, and mandatory injunction to remove the cause when some injury has been done.

Id.—Levees—Right to Build for Protection.—One may protect his land by levees, even in some instances where such a protection may increase the necessity for the building of similar ·embankments on adjacent lands, but this does not give him the right to obstruct the natural flow of a stream regardless of consequences.

Id.—Closing of Channels of Stream—Right to Protection Against. The courts uphold the right to raise the banks of streams by artificial means in order to shut out the water from riparian land, but they do not permit the closing of natural channels of important rivers to the detriment of those who, in the usual way, have guarded against the destructive power of flood waters.

APPEAL from an order of the Superior Court of Kings County. John G. Covert, Judge presiding.

The facts are stated in the opinion of the court.

H. Scott Jacobs, for Appellants.

J. L. C. Irwin, for Respondent.

MELVIN, J.—Defendants have appealed from an order of the superior court of Kings County granting a preliminary injunction whereby they are restrained from constructing a dam across a branch of Kings River.

The plaintiff is a reclamation district organized under the laws of this state and all of the lands embraced within said district are within Kings County and are protected from inundation by a levee. It is alleged in the verified complaint that the easterly boundary of the district begins at a point "near the section line between sections ten and eleven in township eighteen south, range twenty east, M. D. B. & M., where what is generally known and called the South Fork of Kings River crosses said section line between said sections ten and eleven, and that said levee runs thence on the north side of said South Fork of said Kings River in a westerly and southwesterly direction across said section ten, the northwest

corner of section fifteen, across sections sixteen and seventeen in said township and range and follows the meander line of said south fork of said Kings River at a distance of about from thirty to one hundred feet from said river''; that Kings River carries annually large quantities of water; that to protect the district from inundation and consequent injury the plaintiff has maintained and kept, and is maintaining and keeping, a levee running through sections ten, eleven, fifteen and sixteen; that the lands within said Island Reclamation District No. 776 have been reduced to and are under a high state of cultivation; that the said levee along the north side of the south fork of Kings River is sufficient to protect the lands of plaintiff from the overflow from Kings River if the waters of that stream be permitted to take their course down the channels which have existed from time immemorial; that ''said south fork of said Kings River divides near the center of the northeast quarter of said section eleven in township eighteen south, range twenty east, M. D. B. & M., aforesaid, and that one branch of said river runs in a westerly direction from said point of division about one mile to the center of said section ten and thence in a southerly and southwesterly direction passing a point near the center of section sixteen in said township and range, and that the other branch of said Kings River runs in a southwesterly direction from said point of division and intersects with said westerly branch at said point near the center of section sixteen in said township eighteen south, range twenty east, M. D. B. & M.''; that Kings River is subject to freshets in the spring and winter of each year; that the branch running southwesterly from the point of division of the south fork of said river carries water largely in excess of the portion of the river running westerly from said point of division; that the westerly portion cannot and will not carry all of said freshet waters; that the defendants have threatened to construct a dam across the said southwesterly portion of the river just below the point of division of the stream into two parts; that defendants threaten to make such dam of material, size, and strength sufficient to stop the flow of any waters down that channel; that such structure, if erected, will force all of the waters into the other channel in such a way as to cause the overflow of the flood waters across the levee and the destruction not only of said levee,

but also of the crops and orchards upon the lands embraced within the reclamation district. Plaintiff asked that the erection of such dam be enjoined. The court issued an order to show cause and, after a hearing, granted the preliminary restraining order from which this appeal is prosecuted.

In their answer defendants allege that the stream flowing southwesterly from the point of division as alleged in the complaint is merely a small slough commonly known as "Crooked Slough." They deny that it is a branch of Kings River or a channel thereof and deny that the building of the proposed dam would injure plaintiff. It is also asserted in the answer that plaintiff does not own any lands riparian to the south fork of Kings River and that any interest in the levee mentioned in its complaint is a mere easement; and there is an allegation that prior to the filing of the complaint defendants, as the owners of the land south and east of the south fork of Kings River, built, as a part of their levee for the protection of said lands, a dam across Crooked Slough and that said dam was completed more than three weeks before the temporary restraining order was granted.

The complaint is attacked as not stating facts sufficient to constitute a cause of action for an injunction because, as appellants contend, threatened damage is a mere matter of opinion and there is no showing why an action at law would not be sufficient. We think the demurrer was properly overruled. It is true that the courts have upheld the right of owners of land to protect it from inundation by levees along the line of watercourses even to the extent of closing small sloughs and when such protection may cause the overflow of other lands not sufficiently protected by levees (*Lamb* v. *Reclamation Dist. No. 108,* 73 Cal. 125, [2 Am. St. Rep. 775, 14 Pac. 625]), and it is also true that the complaint in a case where such injunctive relief is prayed as that which was here given must allege not mere possibility of injury to plaintiff from the contemplated acts of the defendants, but a reasonable probability of such injury must appear from the facts pleaded. (*Lorenz* v. *Waldron,* 96 Cal. 243, [31 Pac. 54]; *Hoke* v. *Perdue,* 62 Cal. 546.) But we know of no cases where a court has refused to consider the complaint for want of facts where it is alleged, as it is here, that the defendants have dammed the channel of a stream thereby forcing the flood

waters to seek another outlet which in the nature of things will most probably injure the persons seeking relief. Both pleading and proof of plaintiff in this case come within the principles announced in *Rudel* v. *Los Angeles County,* 118 Cal. 283, [50 Pac. 400]. One may not dam the natural flow of a stream to the detriment of his neighbor by causing the water to empty upon the latter's land. Prohibitory injunction will issue where the damage is threatened and mandatory injunction to remove the cause when some injury has been done. (*Allen* v. *Stowell,* 145 Cal. 666, [104 Am. St. Rep. 80, 68 L. R. A. 223, 79 Pac. 371].)

The contention that the owners of land may take any means to improve their property without regard to the effect of such action upon neighboring land finds no support in reason or authority. One may protect his land by levees, even in some instances where such a protection may increase the necessity for the building of similar embankments on adjacent lands, but this does not give him the right to obstruct the natural flow of a stream regardless of consequences. The courts uphold the right to raise the banks of streams by artificial means in order to shut out the water from riparian land, but they do not permit the closing of natural channels of important rivers to the detriment of those who, in the usual way, have guarded against the destructive power of flood waters. In the opinion in *Gray* v. *McWilliams,* 98 Cal. 163, [35 Am. St. Rep. 163, 21 L. R. A. 593, 32 Pac. 976], after a statement that the different conclusions reached in the cases upon the subject of injunction to restrain diversion of flood waters arise by reason of the diversity of facts considered, the learned commissioner who wrote the opinion said: "In the case of flood waters escaping from natural streams, we view them, it is true, as a common enemy, against which we may protect ourselves without the commission of a wrong; but after all, this declaration is used in view of the means of defense resorted to rather than in the abstract. We build the banks of the river higher for our protection, it is true, but in so doing we aid nature in her effort to carry the water to its ultimate destination, and he who to protect himself from a flood should erect a barrier across the channel of one of our important rivers, would probably be met with the declaration that it was not the proper mode of warfare, even against a 'common enemy.' "

In *DeBaker* v. *Southern Cal. Ry. Co.*, 106 Cal. 274, [46 Am. St. Rep. 237, 39 Pac. 610], the chief justice points out the difference between *Lamb* v. *Reclamation Dist.*, 73 Cal. 125, [2 Am. St. Rep. 775, 14 Pac. 625], and those cases involving the diversion of a stream by building obstructions in its bed. Appellants endeavor to bring the present case under the rule announced in the earlier one, but the facts will not justify us in applying such rule. It is true that there was a diversity of testimony with reference to "Crooked Slough" and the proportion of the waters of the south fork emptying into and conveyed by it. The estimates varied greatly, but all witnesses agreed that some of the water passed through Crooked Slough and eventually rejoined the other part of the stream. It was clearly, therefore, not a mere high water channel and *Lamb* v. *Reclamation Dist.*, 73 Cal. 125, [2 Am. St. Rep. 775, 14 Pac. 625], is not in point.

Appellants next assert that the injunction was improperly issued because the threatened erection of the dam had already taken place and there was nothing to restrain. In this behalf they cite *Hatch* v. *Raney*, 9 Cal. App. 716, [100 Pac. 886], and cases therein approved. It is of course not denied by respondent that an injunction will not lie to restrain the destruction of a ditch already destroyed (*Hatch* v. *Raney*) or to prevent the opening of a street that has been opened (*Delger* v. *Johnson*, 44 Cal. 182) or to prohibit the erection of a building previously built, but it was here shown by some evidence at least that the dam had been removed by plaintiff's agents before the restraining order was issued. Whether or not they acted beyond their rights is a matter for determination upon the trial of the issues joined. For the purposes of the preliminary hearing it was sufficient for the court to know that the defendants contemplated the construction and maintenance of a dam across "Crooked Slough" at the point indicated in the complaint. That such was the intention of defendants was clearly shown and no one pretended that a dam was in existence at that point when the hearing on the order to show cause took place.

No other matters discussed in the briefs require comment. The order from which defendants appeal is affirmed.

Henshaw, J., and Lorigan, J., concurred.