[Civ. No. 10347.   First Appellate District, Division One.—October 20, 1936.]

METROPOLITAN LAUNDRY COMPANY, LTD. (a Corporation), Respondent, v. B. C. GREENFIELD, Appellant.

Otto G. Kuklinski for Appellant.

Thomas, Beedy & Paramore for Respondent.

TYLER, P. J.—Application for a writ of *supersedeas*. The petition was filed by defendant Greenfield and it alleges that he has perfected an appeal from a preliminary injunction granted by the court below; it further alleges that the perfecting of the appeal has stayed the operation of said

injunction because of the fact that it is mandatory in character. The answer filed to the petition denies certain allegations in the petition, and particularly the one alleging the injunction to be mandatory. In this connection the answer alleges the injunction to be a preliminary one; that it is not mandatory but prohibitory in character, and is not stayed by the appeal. As a further defense to the petition plaintiff alleges that petitioner consented to the granting of the preliminary injunction upon the filing by plaintiff of an additional bond in the sum of $500.

The action in which the injunction was prayed for and issued was one for damages. The allegations are to the effect that defendant Greenfield was employed by plaintiff as a laundry driver to collect from and deliver to customers of plaintiff certain laundry work; that at the time Greenfield entered upon his employment he agreed in writing that while in the employment of plaintiff, or thereafter should such employment be terminated, he would not solicit, divert or take away or furnish to any person, for a period of one year after the termination of such employment, information that would enable him to obtain plaintiff's customers. The complaint further alleged that the employment had terminated and Greenfield had and was violating his contract with plaintiff by soliciting plaintiff's customers to bestow their work upon a competitor of plaintiff, and many customers had in consequence been induced to give their work to a rival concern to the great and irreparable damage of plaintiff.

In his answer Greenfield denied the facts recited in the complaint and in addition he alleged certain other facts which he claims show that plaintiff was not entitled to maintain the action. He also alleged that he was earning his livelihood as a laundry driver and the business he had was his as of right.

Upon reading the verified complaint, to which was attached defendant Greenfield's agreement with plaintiff not to solicit plaintiff's customers for their business in the event of a termination of the employment, a preliminary injunction was issued by the terms of which Greenfield was restrained from doing such acts as his agreement recited he was not to do.

176

Petitioner makes the contention that he was denied the opportunity of presenting his defense, and the action of the trial court in issuing the injunction was an abuse of discretion, arbitrary and erroneous. ■ We are not here concerned with the question as to whether or not the injunction was properly or improperly granted. That question is one to be decided upon the appeal from the order. ■ The only question here presented is whether or not the injunction is mandatory or prohibitory. If mandatory, the appeal suspends the operation of the injunction. If prohibitory merely, the appeal does not suspend it. That the language of the injunction is simply prohibitory there can be no question. The injunction does not compel petitioner to do any affirmative act but merely prohibits him from doing the very things he agreed under his contract with plaintiff not to do. The difference between prohibitory and mandatory injunctions is gone into and fully discussed in *United Railroads* v. *Superior Court*, 172 Cal. 80 [155 Pac. 463]. No useful purpose would be subserved by discussing it here. ■ Greenfield is protected by the bond given upon the issuance of the injunction and it is an easy matter to have the case set for trial and disposed of on its merits.

The petition is denied.

Knight, J., and Cashin, J., concurred.