[Civ. No. 6273.   Fourth Dist.   July 7, 1960.]

PEARL M. McMANUS et al., Respondents, v. KPAL BROAD-
CASTING CORPORATION (a Corporation), Appellant.

Thurman Arnold, Jr., for Appellant.

Thompson & Colegate for Respondents.

GRIFFIN, P. J.—In this action for injunction and damages filed on December 23, 1958, plaintiffs, owners of certain described parcels of undeveloped land within the city limits of Palm Springs, sought to permanently enjoin defendant and appellant KPAL Broadcasting Corporation (hereinafter referred to as KPAL) from constructing or proceeding with construction of a radio transmitting tower on adjoining land in said city limits owned by certain Indians and leased by them for radio purposes to defendant KPAL for a term of five years.

It is then alleged that section 30, the property here involved, was annexed to the city about May 9, 1958, and under the terms of section 9213 of the Palm Springs Ordinance Code (referred to in the complaint and made a part of it), territory annexed to it subsequent to the date of the ordinance became a part of the guest ranch, or G-R district; and that the provisions applicable to G-R district are set out in article 934 of said code (Exhibit A). This article defines generally the uses permitted in such a district but not particularly describing radio stations or towers. Sections 9251 to 9255 thereof provide that where "the establishment of uses or functions requires the issuance of a conditional permit as provided by this Ordinance . . . The Commission shall determine by resolution of record in each instance that such use is necessary for the promotion of the welfare of the community and not detrimental to the District or neighborhood in which it is to be located . . . Decisions of the Commission shall be final except that an appeal may be taken to the Council . . ." It is then stated that on October 22, 1958, KPAL applied for a conditional permit to erect a steel radio transmitting tower approximately 156 feet in height on said leased property; that a hearing was had and a resolution (Exhibit D) was adopted approving it for a five-year term subject to being revoked if

the land use conditions surrounding it should change making the tower incompatible with new uses; that on November 25, 1958, the city council, by resolution, also approved said conditional permit, with some additional requirements (Exhibit E).

The complaint then recited that defendant had not yet applied to the city for a building permit for its construction but unless enjoined it would build said structure, all to the detriment and damage of these plaintiffs' property because, if erected, it would stand out on the horizon as an unsightly object, spoiling the appearance of the neighboring properties and the scenic view therefrom; that guy wires and fence would create a hazard to riders on horseback and flashlights and reflectors would disturb the peace and quiet of the surrounding area. In addition, it is alleged that the value of plaintiffs' property would be greatly depreciated to the extent of $100,000.

It is then related that the actions of the commission and city council in granting the application of defendant for a conditional permit were contrary to the terms of the Palm Springs Ordinance Code, *supra*; that such use is not among the uses allowed in G-R district under conditional permits or otherwise; that before any conditional permit issue it must be established that each use be necessary for the promotion of the welfare of the community and not detrimental to the district or neighborhood; that the use above-mentioned cannot be so described; and that the ordinance provides that in a G-R district no structure shall exceed 30 feet in height.

In addition to the prayer for a permanent injunction, plaintiffs also sought a temporary restraining order enjoining defendant from doing any act as to which a permanent injunction was requested.

The complaint and summons, together with the notice of motion for ''temporary injunction'' was served on defendant on December 29, 1958. This was followed by an order on January 7, 1959, for defendant to show cause on January 9, 1959, why it should not be restrained as indicated. It was further ordered therein that pending hearing of such order it be restrained accordingly.

On January 9, 1959, defendant's general manager appeared and by affidavit alleged certain facts bearing upon the necessity for use of said tower and made other equitable appeals which were probably presented to the planning commission. It was shown thereby that before the order to show cause was served on defendant, it did, in fact, erect the tower in accordance with a permit of the city council; that it presently had a

value of $200,000 and to refrain from using it would result in damages of a similar sum. The attorney for the plaintiffs filed his affidavit stating that on January 8 he checked the records of the Federal Communications Commission in Washington, D. C., and ascertained that no application had been made by defendant to move or construct its tower at the new location.

On January 9, 1959, a hearing was had upon this general showing before a judge assigned to sit in said superior court for the month of January, 1959, by the Chairman of the Judicial Council. It was not until March 3, 1959, that this assigned judge filed a memorandum decision reciting certain facts and holding that the action of the planning commission was contrary to section 9343 of the ordinance code and stated that the commission did not make findings as required by section 9252 thereof and that the city council acted in excess of its authority in granting the permit and claimed that these actions were void and accordingly the conditional permit was of no force or effect. It ordered a temporary injunction to issue as set out in the order to show cause and in the notice of motion and directed counsel for plaintiffs "to prepare a formal order." No mention was made therein as to any bond being required.

On March 27, 1959, defendant moved to vacate this decision on the ground it was void; that it endeavors to enjoin acts already performed; and that said purported injunction was not supported by any undertaking to indemnify plaintiffs against injury.

On March 31, 1959, the same assigned judge was presented by counsel for plaintiffs with a written temporary injunction which was in general accord with the court's previous memorandum opinion which he signed and wherein he enjoined the construction of the transmitting tower upon the property described. It then ordered plaintiffs to file a surety bond of $2,000. On April 10, 1959, defendant moved the court to increase said bond to $200,000 and in addition it moved to vacate the order of March 31, 1959, on the ground that it was void and not obtained in the manner prescribed by law. These motions were heard upon affidavits and before another assigned judge and were denied. Defendant appeals from the preliminary injunction entitled "temporary injunction" and from the order refusing to vacate the preliminary injunction and argues (1) that a conditional use permit was authorized under the ordinance; (2) that there was sufficient finding of fact in

the resolution that such use was not detrimental to the welfare of the community and was compatible with the undeveloped guest ranch area involved; (3) that a necessary construction permit was obtained from the city; (4) that before being restrained by any order the tower was erected and an injunction will not lie to prevent a completed act; (5) that since no bond was ordered in reference to the first claimed injunction order it was void under section 529, Code of Civil Procedure; (6) abuse of discretion in fixing the amount of bond; and other claims too numerous to mention.

Section 529, Code of Civil Procedure, *supra,* provides in part:

"On granting an injunction, the court or judge must require . . . a written undertaking on the part of the applicant, with sufficient sureties, to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto."

The trial court on March 3, 1959, in its order to show cause and in its memorandum decision, attempted to restrain defendant (pending the *trial* of the action) from "constructing or proceeding with construction of any steel radio transmitting tower upon the property." This in effect is a prohibitory injunction. (*Metropolitan Laundry Co., Ltd.* v. *Greenfield,* 17 Cal.App.2d 174 [61 P.2d 495].) It is quite apparent, for many reasons, that the memorandum decision was inoperative, at least until a written order to this effect was presented and signed, which order was not signed until March 31, 1959. (Rule 24, Rules for Superior Courts; 1 Witkin, California Procedure 872-873, § 29; 27 Cal.Jur.2d 102, § 5.)

Whether the order to show cause restraining defendant, *pending the trial,* and the subsequent orders indicated, regardless of the title given them, were in effect a temporary restraining order or a preliminary injunction is open to speculation. It has been held that a so-called "restraining order" that restrains specific acts until further order of the court, instead of until the hearing of the order to show cause, is a preliminary injunction and not a restraining order and "an order, made after the hearing on the order to show cause, continuing a restraining order in effect until a decision of the case on its merits is equivalent to a preliminary injunction" and subject to the rules thereto applicable. (27 Cal. Jur.2d 104, § 5.)

Regardless of the effect of these respective so-called restraining orders or temporary injunction orders, it affirmatively appears by an uncontradicted affidavit of defendant on the hearing of the order to show cause that ''prior to the service of any temporary restraining order'' upon defendant or anyone else, ''the radio tower herein concerned has been erected.'' The construction of the tower, as planned and at the location first indicated, had already been completed before the service of the order to show cause and the hearing thereon. The record indicates that defendant was served with the complaint, summons and a *notice* of motion for a ''temporary injunction'' indicating that such a temporary injunction would be sought on January 9, 1959, restraining defendant from constructing the tower mentioned in the complaint.

It was conceded in this court by counsel for plaintiffs that the removal of the constructed tower to a new nearby location was not the construction contemplated to be enjoined in the complaint or on the hearing on the order to show cause. The fact that a certificate might be issued by the Federal Communications Commission for operation of the tower if removed to a new location was not brought out until that hearing. These facts would present new issues not contemplated by the original complaint and orders that followed. The finding of the trial court as to why the temporary restraining order should issue was predicated mainly on the claimed invalidity of the original proceedings before the planning commission and on the fact that the city council acted in excess of its authority in granting a permit to erect the structure which was subsequently erected but prior to the service of the order to show cause and issuance of a restraining order. ██ As a general rule, an injunction lies to prevent threatened injuries and has no application to completed wrongs for the redress of which the plaintiff is relegated to an action at law. Obviously, a completed wrong cannot be corrected by a preliminary injunction, the purpose of which is to preserve the *status quo* until after final judgment, though the facts be such that the plaintiff is entitled to some form of permanent relief. Thus, an injunction will not be granted to restrain the destruction of a ditch already destroyed, or to prevent the opening of a street already opened, or to prohibit the erection of a building previously built. (27 Cal.Jur.2d 124, § 18; *Gardner* v. *Stroever,* 81 Cal. 148 [22 P. 483, 6 L.R.A. 90] ; *Delger* v. *Johnson,* 44 Cal. 182; *Hatch* v. *Raney,* 9 Cal.App. 716 [100 P. 886].)

██ The prayer of the complaint and so-called preliminary

injunction is limited to restraining the defendant from constructing or proceeding with the construction of the steel radio transmitting tower on the described property. There is some indication in appellant's brief, which is not shown in the record used at the hearing on the order to show cause, that subsequently the Federal Communications Commission did not approve of the present location of the tower prior to its erection but indicated it would do so if it were moved over a few feet from its present location. It affirmatively appears that the construction of such tower was completed before any order of restraint was served and the general rule above-mentioned applies. Under these circumstances, it is unnecessary to determine the other questions raised on this appeal.

Order granting preliminary injunction and order refusing to vacate preliminary injunction reversed.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied August 3, 1960, and respondents' petition for a hearing by the Supreme Court was denied September 1, 1960. Schauer, J., was of the opinion that the petition should be granted.