[Civ. No. 68156. Second Dist., Div. Two. Apr. 4, 1984.]

CITY OF SIGNAL HILL et al., Plaintiffs and Respondents, v. MARILYN D. OWENS et al., Defendants and Appellants.

COUNSEL

Joshua Kaplan, Kaplan & Novodor and Robert J. Davis for Defendants and Appellants.

Brown, Winfield & Canzoneri, J. Kenneth Brown, Thomas F. Winfield III and Charles V. Berwanger for Plaintiffs and Respondents.

OPINION

**ROTH, P. J.**—Appellant Owens appeals from an order granting the City of Signal Hill (City) a preliminary injunction against the Circle Massage. We affirm.

The Circle Massage has been a massage parlor in Signal Hill since 1970. In April 1979 Owens began operating the Circle Massage. On July 7, 1981, the City enacted Municipal Code chapters 5.16 and 5.17, which regulate massage establishments and massage technicians respectively. On February 23, 1982, the City filed a complaint against Owens. The City sought to enjoin the operation of the Circle Massage as a public nuisance under both the Red Light Abatement Act, Penal Code section 11225 et seq., and Civil Code section 3479 et seq.; and to enjoin violation of Municipal Code chapters 5.16 and 5.17. The court granted the preliminary injunction on July 23, 1982. Owens appeals to this court.[1]

█ Owens' first contention is that the Red Light Abatement Act is an unconstitutional violation of due process. Penal Code section 11225 states in part: "Every building or place used for the purpose of illegal gambling as defined by state law or local ordinance, lewdness, assignation or prostitution, and every building or place in or upon which acts of illegal gambling as defined by state law or local ordinance, lewdness, assignation, or prostitution, are held or occur, is a nuisance which shall be enjoined, abated and prevented, and for which damages may be recovered, whether it is a public or private nuisance." Section 11227 states: "Whenever the existence of a nuisance is shown in an action brought under this article to the satisfaction of the court or judge thereof, either by verified complaint or affidavit, the court or judge shall allow a temporary writ of injunction to abate and prevent the continuance or recurrence of such nuisance."

---

[1]On the same date the court refused Owens' request to enjoin the City from enforcing Municipal Code chapters 5.16 and 5.17. Her appeal from that order is also before us. (2d Civ. No. 68360.)

The law is settled that the Red Light Abatement Law conforms to the requirements of due process. (*People* v. *Casa Co.* (1917) 35 Cal.App. 194, 196 [169 P. 454].) It would violate due process to issue a preliminary injunction without providing notice and a hearing. (*Skinner* v. *Superior Court* (1977) 69 Cal.App.3d 183, 188 [137 Cal.Rptr. 851].) However, Owens had adequate notice and a full hearing before the preliminary injunction issued. There was no constitutional defect.

■ Owens next asserts that the City's showing at the hearing was inadequate to justify the injunction. ■ The standard of review is enunciated in *People* v. *Adult World Bookstore* (1980) 108 Cal.App.3d 404, 408 [166 Cal.Rptr. 519]: "The grant or denial of a preliminary injunction will be reversed on appeal only if there is demonstrated a clear abuse of discretion. [Citation.] The reviewing court should interpret the facts most favorably to the prevailing party."

■ Ample evidence was presented to support the conclusion that the Circle Massage was used for prostitution. The City submitted an issue of the Hollywood Press. The Circle Massage's advertisements feature nude women and promise, "You will come and come and come," "every intimate fantasy fulfilled." At least 11 arrests for prostitution were made at the Circle Massage in the year prior to enactment of chapters 5.16 and 5.17. The declaration of Deputy Sheriff Michael Mills quotes one "masseuse" as offering, "I'll give you head for $60.00, a hand job for $40.00." Another woman at the Circle Massage told Deputy Sheriff Kenneth Richards, "I usually get $40.00 for a hand job and twice that much for oral sex." Owens proposes that the declarations show at most solicitation of prostitution, rather than prostitution itself. This position is untenable in the light of Deputy Sheriff Lucky's declaration, in which he plainly describes the accomplishment of an act of prostitution. The City's evidence more than justified the preliminary injunction.

Owens invokes the principle that an injunction should not issue against a completed act. (*McManus* v. *KPAL Broadcasting Corp.* (1960) 182 Cal.App.2d 558, 563 [6 Cal.Rptr. 441].) That rule has no application here. Once the City had presented evidence of prostitution it was incumbent upon Owens to present evidence that the nuisance had abated. (*People* ex rel. *Hicks* v. *Sarong Gals* (1974) 42 Cal.App.3d 556, 562 [117 Cal.Rptr. 24].) Owens made no such showing, insisting that there had been *no* prostitution, or at most mere solicitation.

Owens argues that the city had to show that she personally participated in the operation of the nuisance. That is not the law. (*People* ex rel. *Hicks*

v. *Sarong Gals, supra,* 42 Cal.App.3d 556, 561.) There was no abuse of discretion in enjoining the use of the Circle Massage as a brothel.

Finally, Owens contends that she cannot be enjoined from violating chapters 5.16 and 5.17 of the City's Municipal Code because those chapters are unconstitutional. We have decided the question of the ordinances' constitutionality adversely to Owens in the companion case filed concurrently herewith. It was proper to enjoin violation of chapters 5.16 and 5.17.

The judgment is affirmed.

Compton, J., and Gates, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 20, 1984.