[No. 1319.]  In Bank. — October 30, 1889.]

LEO B. GARDNER, RESPONDENT, v. FRED. STROE-
VER, APPELLANT.

INJUNCTION — ACTS ALREADY PERFORMED — OBSTRUCTION OF ROAD BY
BUILDING. — There is no ground for a merely preventive injunction when
the acts complained of have been already performed, and defendant has
not threatened to do any other or further act tending to injure the plain-
tiff; and such injunction will not lie to prevent the erection of a building
across a public road to the special detriment of plaintiff, if the building
had been erected before the commencement of the action.

ID. — MANDATORY INJUNCTION — CONSTRUCTION OF CODE. — Mandatory
preliminary injunctions are seldom granted. A very strong and urgent
case is required to justify such injunction; and it is indispensable that
there be a clear case of prospective injury for which plaintiff will have no
adequate remedy at law. The code definition of an injunction omits the
mandatory ingredient; and there is nothing in the code more favorable
to such injunctions than is to be found in the general current of English
and American authority.

APPEAL from an order of the Superior Court of Butte
County refusing to dissolve an injunction.

The facts are stated in the opinion.

*Rearden & Freer*, for Appellant.

*Gray & Sexton*, for Respondent.

VANCLIEF, C. — The complaint describes a public road
" extending from the Oroville and Miner's Ranch public
road northeasterly past the slaughter-house of defendant
and the slaughter-house of plaintiff, to the residence of
Nancy Cooper," about seventy rods in length, situate in
Butte County, and alleges that plaintiff is in possession
of a slaughter-house on the south side of the road de-
scribed, " and that the only means of entrance and exit
to and from said slaughter-house to said public highway
leading from Oroville to Miner's Ranch, or any other
public highway, is over and along said highway leading
to the residence of Nancy Cooper aforesaid; that the de-
fendant, on the twentieth day of February, 1889, wrong-
fully, unlawfully, and fraudulently, and for the purpose

of vexing, annoying, and preventing this plaintiff from
reaching his said slaughter-house, entered upon said
public highway leading from the Oroville and Miner's
Ranch road to the residence of Nancy Cooper aforesaid,
at a point between plaintiff's slaughter-house and said
Oroville and Miner's Ranch road, and caused to be erected
across said public highway an obstruction, to wit, a
building which completely obstructed said road for all
uses of a road, and wholly prevented this plaintiff from
reaching his said slaughter-house; that plaintiff has no
other way, convenient or otherwise, by which he can
reach his said slaughter-house; that plaintiff is engaged
in the butchering business in the town of Oroville, and
is compelled, in order to supply the wants of his cus-
tomers, to slaughter a number of animals each day; that
he has no other place for slaughtering said animals than
the place heretofore described; that if defendant is per-
mitted to maintain his said obstruction across the public
road as aforesaid, plaintiff's business will be entirely
destroyed and broken up, to his damage in the sum of
five thousand dollars; that by reason of the acts hereto-
fore complained of, plaintiff has been damaged in the
sum of three hundred dollars.

"Wherefore plaintiff prays judgment against the said
defendant for the sum of three hundred dollars and costs
of suit; that defendant be enjoined and restrained from
maintaining any obstruction in and across said road
during the pendency of this action, and that upon the
trial of this case said injunction be made perpetual, and
for such other and further relief as may be equitable and
just."

Upon this complaint alone the superior judge granted
an injunction until further order, commanding the de-
fendant and his agents "to desist and refrain from ob-
structing, or in any way, manner, or form interfering
with, the road leading from the Oroville and Miner's
Ranch road to the residence of Nancy Cooper."

The defendant moved, on the complaint alone, to dissolve the injunction, upon "the ground that the complaint does not state facts sufficient to warrant the issuance or continuance of an injunction." This motion was denied, and the appeal is from the order denying it.

I think the motion to dissolve the injunction should have been granted.

It appears by the complaint that the building complained of as being an obstruction to plaintiff's use of the road had been erected before the commencement of the action, and it is not alleged that defendant has threatened to do any other or further act tending to obstruct the road, or otherwise to injure the plaintiff. There was, therefore, no foundation in the complaint for a merely preventive injunction; and mandatory preliminary injunctions are seldom granted, and only in a peculiar class of extreme cases, of which this case is not one. (High on Injunctions, secs. 2, 4; *Murdock's Case;* 2 Bland, 461; 20 Am. Dec. 381, and notes citing the principal English and American cases.)

To say the least, there is nothing in our Code of Civil Procedure more favorable to mandatory injunctions than is to be found in the general current of English and American authority. Indeed, our code definition of an injunction (Code Civ. Proc., sec. 525) entirely omits the mandatory ingredient found in nearly all the definitions of the text-writers. (High on Injunctions, sec. 1, and note.) But, without regard to statutory provisions, it seems to be well settled that a very strong and urgent case is required to justify a mandatory preliminary injunction. A clear case of prospective injury for which the plaintiff will have no adequate remedy at law is indispensable.

In this case it is only alleged that plaintiff will be damaged in the sum of five thousand dollars; and there is no allegation that the defendant is not responsible for that sum, nor that there will be any extraordinary im-

pediment in the way of recovering that sum by an action at law. (*Tomlinson* v. *Rubio*, 16 Cal. 204; *Mechanic's Foundry* v. *Ryall*, 62 Cal. 418.) Besides, it has been decided by this court that a preliminary injunction "will not be retained where it appears (by the *answer*, uncontradicted by affidavit) that the acts, the performance of which is sought to be restrained, had been performed before the order for the injunction was made or served." (*Delger* v. *Johnson*, 44 Cal. 182.) *A fortiori*, where the fact of performance appears in the complaint, as in this case.

I think the order denying the motion to dissolve the injunction should be reversed, with direction to grant the motion.

HAYNE, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order denying the motion to dissolve the injunction is reversed, with direction to grant the motion.