[S. F. No. 471. Department One.—September 22, 1897.]

## RUDOLF HAGEN et al., Respondents, v. ADOLPH H. BETH et al., Appellants.

MANDATORY INJUNCTION—REMOVAL OF TRADE SIGNS PENDENTE LITE.—The granting of a mandatory injunction pending the trial of an action, and before the rights of the parties in the subject matter which the injunction is designed to effect have been definitively ascertained, is not permitted except in extreme cases where the right thereto is clearly established, and it appears that irreparable injury will flow from the refusal; and in an action to enjoin the use of a trade name a mandatory injunction to compel the removal of trade signs by the defendants *pendente lite* is erroneous, where the ultimate rights of the parties cannot be determined in advance of the trial of the *action.*

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a preliminary injunction. A. A. Sanderson, Judge.

The facts are stated in *Schwarz v. Superior Court,* 111 Cal. 106.

Morrison & Foerster, for Appellants.

J. J. Scrivner, for Respondents.

VAN FLEET, J.—Appeal from an order granting a preliminary injunction.

The nature of the present action and the terms of the order appealed from will be found sufficiently stated in *Schwarz v. Superior Court,* 111 Cal. 106, where the same order was under consideration upon certiorari to review the action of the court below in attempting to punish these appellants for contempt for an al-

leged violation of its terms. It was there held that the order, in so far as it directed and required the removal of the obnoxious signs, was mandatory in character.

To the extent that the injunction is mandatory it was erroneously granted. The granting of a mandatory injunction pending the trial, and before the rights of the parties in the subject matter which the injunction is designed to affect have been definitively ascertained by the chancellor, is not permitted except in extreme cases where the right thereto is clearly established and it appears that irreparable injury will flow from its refusal. (High on Injunctions, sec. 2; *Gardner v. Stroever,* 81 Cal. 148.)

The showing in the record before us is not such as to entitle respondents to have the objectionable signs removed pending the final determination of the rights of the parties in the disputed name. It cannot be determined therefrom what the final judgment as to those rights may or should be upon a trial of the action.

As to the merely preventive features of the injunction, we cannot say that the showing was insufficient to invoke the discretionary power of the court, and the order in that respect should stand.

The other questions discussed are such as will more appropriately arise upon a trial on the merits.

The order is reversed, with directions to the court below to modify its injunction by striking therefrom the requirement for the removal of the signs.

Garoutte, J., and Harrison, J., concurred.