(December 16, 1910.)

CALEB BRINTON, Attorney in Fact for THOMAS W. JONES, Appellant, v. WESLEY STEELE, and N. M. BEGGEMAN, Respondents.

[112 Pac. 319.]

ACTION TO QUIET TITLE—PRINCIPAL ISSUE—INJUNCTION—WRIT TO RE-STRAIN.

(Syllabus by the court.)

1. *Held*, that this is an action to quiet title, and that the title to the land in dispute is the principal issue in the case.

2. Under the provisions of sec. 4287, Rev. Codes, an injunction is a writ or order requiring a person to refrain from a particular act. It is a writ to restrain a contemplated act and not a writ commanding a person to do a certain act.

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to quiet title and for an injunction. Judgment for defendant. *Reversed.*

Ben F. Tweedy, for Appellant.

The allegations of the answer setting up claims adverse to the title of the plaintiff alleged in the complaint supplied the allegation in the complaint that the defendants "claimed an interest in the real estate" adverse to the plaintiff's title, which claim is without right, unfounded, and a cloud upon plaintiff's title.   (31 Cyc. 714, 717; 32 Cyc. 1357.)

The main jurisdiction of the court invoked by the action is that wherein and whereby the title of Thomas W. Jones can be quieted against the adverse claims of Wesley Steele, and since Steele sets up the adverse claims and use in his answer, the plaintiff was relieved from proving the claims or the use, and only had to show that the claims and use are without right, unfounded.

The trial court erred in trying the case as one solely for an injunction, when an injunction is only an incident. (*Richey v. Bues,* 31 Utah, 262, 87 Pac. 903; *Hanley v. Beatty,* 117 Fed. 59, 54 C. C. A. 445; *Wheelock v. Noonan,* 108 N. Y. 179, 15 N. E. 67; *White v. Codd,* 39 Wash. 14, 80 Pac. 836; *McRae v. Blakeley,* 3 Cal. App. 171, 84 Pac. 679; *Kaiser v. Dalto,* 140 Cal. 167, 73 Pac. 829; 22 Cyc. 834, 854.)

An injunction can be decreed to prevent the acquirement or enlargement of an easement as the wrongful use thereof by the owner of the easement, or can be decreed to prevent trespass upon an easement. (*Vestal v. Young,* 147 Cal. 715, 82 Pac. 381; *Mendelson v. McCabe,* 144 Cal. 230, 103 Am. St. 78, 77 Pac. 915; 22 Cyc. 762, 826, 836, 837.)

In an action like the one at bar the court has jurisdiction to fix, determine and settle the boundary line between two lots. (*Bayhouse v. Urquides,* 17 Ida. 286, 105 Pac. 1066.)

The court forgot that the action at bar is to quiet title and only a preponderance of evidence is required. (32 Cyc. 1372, (b).)

Geo. W. Tannahill and S. O. Tannahill, for Respondents.

In the very great majority of cases injunction is a merely preventive remedy, and in some cases courts have on this ground refused to issue an injunction mandatory in its nature, or have declared that it is not the object of an injunction to redress a consummated wrong or to undo what has already been done. (22 Cyc. 741, 742, and authorities cited in note 13.)

Where the title to real property is in dispute between two claimants and one of them takes possession of the property, he will not be enjoined from its occupancy and erection of

buildings thereon before the title is judicially determined. (*McGregor v. Silver King Min. Co.*, 14 Utah, 47, 60 Am. St. 883, 45 Pac. 1091; *Sharpe v. Loane*, 124 N. C. 1, 32 S. E. 318.)

Courts of equity should hesitate before granting injunctions to restrain trespass committed under color of title or right. (*Keller v. Bullington*, 101 Ala. 267, 14 So. 466.)

SULLIVAN, C. J.—This action was brought to quiet title to a triangular piece of land lying between lots 12 and 13, block 30, in the city of Lewiston, a strip eleven feet wide at the south end and terminating in a point at the north end; and for the purpose of obtaining a permanent injunction against the defendant restraining him from using what was intended as a private way extending from Ninth street over original lot 13 in said city, which private way has been subdivided into lots and designated as lots 4, 21, 22, 23 and 24, being subdivisions of a part of said lot 13, block 30; and also to restrain the defendant from other acts with reference to trespass upon said premises; and to enjoin said defendant from maintaining or using sewer and water pipes across a part of said real estate; and for what the pleader demands as a mandatory injunction commanding said defendant to remove certain buildings, fences and water and sewer pipes from the real estate owned by the appellant; and to forever enjoin him from putting or laying any sewer or water pipes upon said real estate, and for $1,000 damages.

The answer put in issue the main allegations of the complaint and averred that the defendant was the owner in fee of said triangular strip of land, and prays that plaintiff take nothing by this action and that the defendants have judgment for costs.

Upon the issues thus made the court made finding of facts, whereby it was found that the evidence was insufficient to entitle the plaintiff to any relief whatever, and judgment was entered in favor of the defendants. The decision of the court proceeded upon the theory that this was not an action to quiet title; that it was only an action for a permanent in-

junction. The court was clearly in error in that regard, as this action is for the purpose of quieting title as well as for a permanent injunction. The court in its written opinion stated as follows:

"There are two reasons why the court feels that it should not grant an injunction prohibiting the use that is shown of the said strip by Steele. The title to this strip is in dispute, and seriously so. Steele claims the strip to be his, and Brinton, as attorney in fact, claims it belongs to Thomas W. Jones."

As stated there by the trial court, the title to said triangular strip of land is seriously in dispute, both plaintiff and defendant claiming title thereto. That issue is the leading issue in the case, and under the pleadings it was the duty of the court to determine ownership of said triangular strip of land, and after determining the ownership, to determine whether the plaintiff was entitled to an injunction with regard to any of the acts of alleged trespass made against the defendant.

So far as the sewer and water pipes are concerned, which are laid in the ground, the plaintiff could not be required to remove them by injunction; but if a proper case is made against defendant, he may be restrained from making further use of them. Under the laws of this state, an injunction is a writ or order requiring a person to refrain from a particular act (sec. 4287, Rev. Codes), and not a writ or order requiring a person to do a certain act. (*Wilson v. Boise City,* 7 Ida. 69, 60 Pac. 84.)

It will not be necessary to go any further into the details of said case. What we have said will indicate to the trial court the theory upon which the case must be tried and determined.

The judgment is reversed and the cause remanded, with direction to grant a new trial. Costs are awarded to the appellant.

Ailshie, J., concurs.