(April 22, 1914.)

CALEB BRINTON, Attorney in Fact of THOMAS JONES, Plaintiff, v. EDGAR C. STEELE, Judge, Defendant.

[140 Pac. 113.]

MANDAMUS — FINDING AS TO TRUE BOUNDARY LINE—CERTAINTY OF BOUNDARY LINE.

1. In a hearing upon an application for a writ of mandate against a district judge to command and direct such judge to enter findings and judgment in accordance with the mandate of the appellate court, the only question to be considered and passed upon is to determine the meaning and intent of the mandate of the appellate court and ascertain whether or not the decision and judgment of the district judge, or the proposed decision and judgment, are in compliance with such mandate.

2. A finding and decree of court in an action to establish a boundary line between adjoining lands and to quiet title, which finds and adjudges that a certain row of poplar trees, which trees are three feet in diameter, constitutes the boundary line between the adjoining properties, and that the boundary line of one of the tracts of land is on the east side of such row of trees and the boundary line of the other tract is on the west side of such row of poplar trees, is not sufficiently specific and definite and certain and does not definitely establish such line.

Original action for a writ of mandate; alternative writ issued and answer and return made, and upon the hearing a modified order of mandate directed.

Ben F. Tweedy, for Plaintiff.

George W. Tannahill, for Defendant.

Counsel cite no authorities on points decided except *Brinton v. Steele,* 23 Ida. 615, 131 Pac. 662.

AILSHIE, C. J.—This is an original application for a writ of mandate.    This proceeding grows out of the case of *Brinton v. Steele,* decided by this court and reported in 23 Ida. 615, 131 Pac. 662.    The plaintiff herein contends that the district judge is not complying with the judgment and order of this court as decided in the Brinton-Steele case, and that he is not following the mandate of this court.

The district judge has answered the alternative writ and appended thereto a copy of the findings which he proposes to make and enter herein as findings carrying out the judgment and order of this court, as he understands the same to have been made and entered by this court in *Brinton v. Steele, supra.*

The only thing to be determined in the present case is whether or not the proposed action of the district judge will carry out and be in compliance with the previous judgment of this court.    In the opinion in *Brinton v. Steele* this court said:

''In the decree the court adjudges that the line between lots 12 and 13 is on the west side of the row of poplar trees extending through and across said tract of land marking the eastern boundary line of lot 12.    The finding and decree, therefore, are uncertain as to the exact line of division between lots 12 and 13 as located by the trial court, and if it was the intention of the trial court that the line of division is established on the west side of the row of poplar trees, such line would not follow the north line of lots 22, 23, and 24 of the survey made by Briggs and Maxon, which was adopted and approved by the trial court as establishing the true line between lots 12 and 13, as found in finding 11.

''From the finding it is apparent that the dividing line between lots 12 and 13 is and should be fixed from the survey

made by Briggs and Maxon by making proper apportionment of excess land in the southern ends of lots 12 and 13 and that being true, the true line between the two lots should be established and identified by a clear description in the findings and decree and also upon the ground by proper monuments.''

This court intended to approve the finding of the trial court to the effect that the Briggs and Maxon survey established the true line between the properties of these contending parties. This court was also of the opinion, as indicated by the above excerpts from the decision, that the physical markings on the ground made by the surveyor and the reference thereto in the findings and decree were not sufficient to definitely and permanently locate and establish the dividing line between the lands of these parties. It was therefore the unanimous opinion of this court that definite and certain monuments should be established between these lands and that the decree should be definite and certain as to the dividing line between them.

The proposed findings and decree submitted with the answer of the district judge are not sufficient in that respect to comply with or satisfy the judgment of the court. Proposed finding No. 11 falls short of fixing a definite boundary line between these lands. That proposed finding is as follows:

''The court further finds that the row of poplar trees extending from the north boundary of said lots to the south boundary of the same is located substantially upon the line between lot 12, block 30, of the original plat of the city of Lewiston, Idaho, and lot 13, block 30, of the original plat of the city of Lewiston, Idaho, and that the said row of poplar trees has marked the boundary line between the said two tracts of land for more than thirty years last past, and that no owner of land on the west side of said poplar trees has claimed an interest in land lying east thereof, and no owner of land lying upon the east side of said row of poplar trees has claimed any part or portion of the land lying west of said row of poplar trees, prior to the commencement of this action.''

It will be noticed from the foregoing that the court fixes a row of poplar trees as the boundary line between lots 12 and 13, and states that these trees have constituted the boundary

line between the two tracts of land for a period of more than thirty years, "and that no owner of land on the west side of said poplar trees has claimed an interest in land lying east thereof, and no owner of land lying upon the east side of said row of poplar trees has claimed any part or portion of the land lying west of said row of poplar trees."

Now, according to this finding the court apparently proposes to designate the boundary line of one lot on the *east side* of this row of poplar trees and the boundary line of the other lot on the *west side* of these trees, and the evidence shows that these trees are now about *three feet in diameter*. The result would be that there would still be a strip of about three feet of ground, ever increasing as the trees grow, that would continue to be in dispute, or which no one will own. Thirty years ago it was easy enough to refer to these as the boundary line between the two lots, because they were very small; but now it is a very different thing, and besides the land is more valuable than it was thirty years ago.

The court should direct the surveyor, whose survey has been adopted and which he proposes to follow in this case, to go upon the ground and there establish permanent and lasting monuments, and these should be referred to in the findings and decree so definitely and certainly as to leave no doubt as to the exact points through which this dividing line runs. Evidently the court means to find that the dividing line between these adjoining properties runs through the center of this row of trees. These trees are now old and decaying and will doubtless be removed from the ground in a very few years, and a decree referring to them will then be as uncertain and indefinite as has been the line during the past. It will then take extraneous and oral evidence to prove the location of this line.

No writ will issue in this case, but a copy of this opinion will be transmitted to the district judge, who is directed to proceed at the earliest date compatible with the business of his court to cause the boundary line to be marked and established, and enter findings and decree in accordance with the foregoing direction. No costs awarded.

Sullivan, J., concurs.