(April 12, 1915.)

CALEB BRINTON, Attorney in Fact of THOMAS W. JONES, Appellant, v. WESLEY STEELE and N. M. BEGGEMAN, Respondents.

[147 Pac. 1062.]

DISPUTED LOT LINE—FORMER HEARING—PURPOSE FOR WHICH REMANDED —ESTABLISHMENT OF PERMANENT MONUMENTS.

1. *Held*, that upon a former hearing this case was remanded to the trial court in order that "permanent and lasting monuments" might be established upon the dividing line between the lots in controversy, in accordance with the findings and decree of the trial court, and not for the purpose of making any change in such line, as found by the trial court to be the true line between said lots.

APPEAL from the District Court of the Second Judicial District, in and for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to permanently fix boundary line. Judgment for respondent. *Affirmed.*

Ben F. Tweedy, for Appellant.

George W. Tannahill, for Respondents.

Counsel cite no authorities on point decided.

BUDGE, J.—This action has been three times before this court (*Brinton v. Steele*, 19 Ida. 71, 112 Pac. 319, 23 Ida. 615, 131 Pac. 662, 25 Ida. 783, 140 Pac. 113), and is again before this court upon appeal from a judgment in favor of respondent.

This court, speaking through the late Justice George H. Stewart, in rendering its opinion, found in 23 Ida. 615, 131 Pac. 662, affirmed the judgment of the trial court, but for the purpose, as clearly appears from the opinion when considered as a whole, of permanently establishing the boundary line upon the ground between lots 12 and 13, block 30 of the city of Lewiston, owned by the appellant and respondent respectively, made the following statement: "From the finding it is apparent that the dividing line between lots 12 and 13 is and should be fixed from the survey made by Briggs and Maxon by making proper apportionment of excess land in the southern ends of lots 12 and 13, and that being true, the true line between the two lots should be established and identified by a clear description in the findings and decree and also upon the ground by proper monuments." The proper apportionment had already been made by Briggs and Maxon, whose survey of the boundary line between said lots 12 and 13 had by the trial court in its findings and decree been adopted as the true line, which findings by the trial court and the decree based thereon were found by this court to be sufficient, but not certain and specific as to the location of the true boundary line upon the ground between said lots 12 and 13, and for the purpose of establishing permanently the true boundary line upon the ground between said lots 12 and 13, and that the said boundary line might be more fully identified by the findings, this court directed that the true line between said lots should be marked by placing proper and lasting monuments along said line, and that said lasting monuments be described in the findings of the court, in order that the parties to this action at any future time might be able to identify the correct dividing line between said lots 12 and 13 by reference to the findings of the trial court and by the permanent monuments.

Opinion of the Court—Budge, J.

While it is true that the language used in this connection in the opinion, as well as the language used in remanding the cause for further proceedings, is unfortunate by reason of the use of the word "reversed" instead of the word "remanded," from a consideration of the entire opinion, it is quite clear to us the court reached the conclusion that the permanency of the line established between said lots depended upon the existence of a line of trees dividing said lots, and in time these trees would disappear, which, in all probability, would result in the contention between the parties to this action over the correct line being renewed. Therefore, in order to avoid such a contingency, this court directed that "proper monuments" be erected along the line theretofore established by the survey of Briggs and Maxon, which line had been previously adopted by the trial court as the correct dividing line. The concluding portion of the opinion was no doubt confusing to the trial judge. This is evident from the fact that after the cause was remanded, considerable time elapsed before the directions of this court were complied with, and resulted in the issuance of an alternative writ of *mandamus* directed against the trial judge for failure to comply with the judgment and order of this court. See *Brinton v. Steele,* 25 Ida. 783, 140 Pac. 113, where this court made the following order:

"The [trial] court should direct the surveyor, whose survey has been adopted and which he proposes to follow in this case, to go upon the ground and there establish permanent and lasting monuments, and these should be referred to in the findings and decree so definitely and certainly as to leave no doubt as to the exact points through which this dividing line runs. Evidently the trial court means to find that the dividing line between these adjoining properties runs through the center of this row of trees. These trees are now old and decaying and will doubtless be removed from the ground in a very few years, and a decree referring to them will then be as uncertain and indefinite as has been the line during the past. It will then take extraneous and oral evidence to prove the location of this line."

It is clear that the intention of this court, in view of the fact that the trial court had not caused to be erected "permanent and lasting monuments" along the correct line as established by Briggs and Maxon, and failed to refer to said permanent and lasting monuments in its findings of fact, which findings and decree in this respect were not specific and certain, was merely to direct that this be done; remanding the case for that purpose only, and not for the purpose of making any changes in the line as established by Briggs and Maxon or causing the line to be changed or run in any other or different course than that found by the trial court to be the true line according to the above-mentioned survey.

The trial court, in compliance with the order above mentioned, directed Edson D. Briggs, one of the surveyors whose survey was adopted by the court, to go upon the ground and establish permanent and lasting monuments on the dividing line between lots 12 and 13, block 30, and to report the same to the court. Thereafter, in pursuance to the order of the court, Briggs rechecked the line theretofore established by himself and Maxon and made his report, which in part is as follows:

"I further certify that having been requested to locate said line dividing lots 12 and 13, of block 30, with reference to the row of poplar trees referred to in the above-entitled action, I retraced the said line dividing said lots 12 and 13, of block 30, to note its relation to said trees, and for the information of the above-entitled court and the said parties to said action, I beg to report as follows:

"Starting from the said undisputed point of northwest corner of lot 13, block 30, thence south 29 degrees, 01 minutes west, upon said line 897 feet in length to the southwest corner of point of lot 13, block 30, a brick building is constructed on the northeast corner of said lot 12, block 30, which entirely covers the stump of the tree which, if still standing, would be the first tree of said row.

"The said line intersects the first tree of said row now standing at a point 80.2 feet from said monument at north-

west corner of lot 13, block 30, said line passing directly through the center of said first tree.

"The said line intersects the second tree now standing of said row at a point 98.2 feet from said monument at northwest corner of lot 13, block 30, said line passing a little to the west of the center of said second tree, which has grown toward the east.

"The said line intersects the third tree now standing of said row at a point 116 feet from said monument at northwest corner of lot 13, block 30, and passes through the present center of said third tree.

"The said line intersects the fourth tree of said row now standing and passes through the eastern half of said fourth tree, which has grown toward the west; and adjacent to said tree, on said line, I set a monument which is 282.6 feet from said monument at northwest corner of lot 13, block 30, consisting of three-fourths inch galvanized gas-pipe.

"There was also a tree between the third and fourth trees herein referred to, which has been removed, but said line intersects the center of the stump of said tree, and that all of said trees are about three and one-half feet in diameter.

"That to further establish and identify the said line I also installed two additional monuments as follows: . . . . "

By referring to the findings, it will be seen that the court adopted the report of the surveyor, re-establishing the true line between said lots and placing permanent and lasting monuments along this line upon the ground.

While it is true, as contended by counsel for appellant, that the language this court used in its opinion (25 Ida. 786, 140 Pac. 113), is to the effect that the line should be fixed and established "through the center of this row of trees," it is clear that the court intended to hold that the original survey should be permanently established, not necessarily through the center of each and every poplar tree, but without regard to whether or not the line ran through the center of each and every poplar tree. The true line had been fixed by the Briggs and Maxon survey and the proper apportionments made. Therefore there was no necessity for making other or

different apportionments, and it was never intended that the apportionments theretofore made should be in any manner disturbed, or that the true and correct line should be changed. But it was intended that the true and correct line should be permanently established by the placing of lasting and permanent monuments along the line between said lots 12 and 13, and that the court should refer to said fixed and lasting monuments in its findings of fact. Counsel for appellant contends, by reason of the fact that this court unfortunately used language which might be construed to mean that the line must be established through the center of the row of poplar trees, that irrespective of where the true and correct line was, it was nevertheless the imperative duty of the trial court to disregard the true line and run a line through the center of each and every tree. The least deviation from the center of any of said row of poplar trees would be in violation of the order of the court. With this contention we are not in accord. We are satisfied from a careful consideration of this entire litigation that the only intention or purpose of this court was to have established between said lots 12 and 13 permanent and lasting monuments along the correct line, in order to avoid any further litigation. When this was done, the order of this court had been fully complied with.

The closing part of the opinion reads as follows: "The judgment is reversed [remanded], and the trial court is directed to proceed and carry out the views expressed by this court and incorporate in the findings and decree the suggestions and directions of this opinion." This court did not order a new trial or direct that additional testimony be submitted.

Counsel for appellant does not contend that the surveyor did not fix the monuments upon the line adopted by the trial court as being the correct line based upon the Briggs and Maxon survey, but rather contends that the original survey made by Briggs and Maxon was not correct. The trial court having passed upon that question and this court having affirmed the trial court, there was nothing for the trial court to do but to establish the permanent and lasting monuments

along the line located upon the ground by Briggs and Maxon. Counsel did not offer to show that this line was not re-established and the permanent and lasting monuments placed upon the correct line surveyed by Briggs and Maxon.

We have therefore concluded that the trial court did not err in entering up judgment in this cause in favor of the respondent. The judgment is sustained with costs to respondent.

Sullivan, C. J., and Morgan, J., concur.

Petition for rehearing denied.