(No. 5318.   January 31, 1929.)

J. PAUL EVANS and GEORGE E. BECKSTEAD, Plaintiffs, v. THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT and HON. C. J. TAYLOR, as Judge Presiding of Said Court, Defendants.

[275 Pac. 99.]

F. M. Bistline, for Plaintiffs.

Bissell & Bird and A. Humphrey, for Defendants.

GIVENS, J.—Under executions issued on certain judgments obtained by the city of American Falls and other municipal corporations in that vicinity against L. L. Evans and others, certain real property was sold and certificates of sale issued to one Humphrey acting as trustee for said judgment and execution creditors. Some of the lands in question had been leased by J. Paul Evans to petitioner Beckstead. After the execution sale petitioner Evans instituted an action contesting the sale and secured an injunction restraining the issuance of a sheriff's deed. In that suit the city of American Falls, the sheriff and Humphrey as trustee, defendants in this action, filed a cross-complaint,

making Beckstead cross-defendant, setting up such leases and alleging their terms in substance, in part, as follows:

That Evans and Beckstead were each to have one-half of the crop raised on said premises, the wheat to be delivered by said tenant at the Michaud warehouse at Michaud siding in Power county, all the other crops to be divided one-half and one-half on the ranch.

The cross-complaint asked for the appointment of a receiver or as an alternative that the court order Beckstead to harvest the crops and store them in the name of the clerk of the court.

Among a number of motions and orders, the only order we believe to be material at this time is the last, of August 21st, as follows:

"It is hereby ordered, adjudged and decreed by the Court that one-half of all wheat now in said warehouse at Michaud, Idaho, delivered thereby (sic) by said Beckstead, from either the premises described in Paragraph IV of the amended complaint herein and the Southwest Quarter of Section Fourteen, Township Six South, Range Thirty Three East of the Boise Meridian in Power County, Idaho, and one-half of all wheat yet to be delivered to said warehouse by said Beckstead from said premises be stored in the name of C. A. Coon, Clerk of this Court, until the further order of this Court, the said wheat yet to be delivered to be so stored as delivered, and that the warehouse receipts for said wheat be issued in the name of and delivered to said C. A. Coon, Clerk of this Court.

"It is further ordered, adjudged and decreed by the Court that the said J. Paul Evans and said Beckstead notify said Warehouse Company at once and request said Warehouse Company to so store said one-half of said wheat and to issue warehouse receipts therefor in compliance with this order and that they and each of them refrain from interference with said warehouse company's full compliance with this order. Provided plaintiff may procure the release of the wheat by order of the Court by furnishing additional

injunction bond herein to a total of $3000.00 to be approved by the Court.''

Thereafter, on August 29th, the trial court entered an order, returnable September 6th, requiring the petitioners herein to show cause why they should not be punished for contempt for their failure or refusal to comply with the order of August 21st.

Petitioners thereupon sued out an alternative writ of prohibition, restraining the trial court from proceeding further with the rule to show cause or making any disposition of the crops raised on the lands, the title to which was involved in the action referred to above brought by petitioner J. Paul Evans, pending the final determination of that action. Defendants, ordered to show cause why the alternative writ should not be made permanent, have filed a demurrer and answer to the petition for this writ.

A writ of prohibition will issue to arrest the proceedings of an inferior tribunal when it is acting in excess of its jurisdiction and there is no other plain, speedy and adequate remedy in the ordinary course of the law. (*Olden v. Paxton et al.,* 27 Ida. 597, 150 Pac. 40; *Maxwell v. Terrell,* 37 Ida. 767, 220 Pac. 411; *Daniels et al. v. Adair,* 38 Ida. 130, 220 Pac. 107; C. S., secs. 7267, 7268.)

C. S., sec. 6768 defines an injunction as follows:

''An injunction is a writ or order requiring a person to refrain from a particular act.''

It has been held by this court that an injunction ''is a writ or order requiring a person to refrain from a particular act and not a writ or order requiring a person to do a certain act.'' (*Brinton v. Steele,* 19 Ida. 71, 112 Pac. 319.)

It is unnecessary to determine whether this statute or this decision which construes it forbid an injunction that may be mandatory in its effect. Under the facts of this case a mandatory injunction was not warranted because a preliminary mandatory injunction is granted only in extreme cases where the right is very clear and it appears that irreparable injury will flow from its refusal. (*Gardner v.*

*Stroever,* 81 Cal. 148, 22 Pac. 483, 6 L. R. A. 90; *Hagen v. Beth,* 118 Cal. 330, 50 Pac. 425; *American Lead Pencil Co. v. Schneegass,* 178 Fed. 735; 32 C. J. 24, sec. 7.)

Attention is called to the fact that under an identical statute in California, mandatory injunctions are constantly recognized. (*Dewey v. Superior Court,* 81 Cal. 64, 22 Pac. 333; *Gardner v. Stroever,* 81 Cal. 148, 22 Pac. 483, 6 L. R. A. 90; *Stewart v. Superior Court,* 100 Cal. 543, 35 Pac. 156, 563; *Schwarz v. Superior Court,* 111 Cal. 106, 43 Pac. 580; *Mark v. Superior Court,* 129 Cal. 1, 61 Pac. 436; *Allen v. Stowell,* 145 Cal. 666, 104 Am. St. 80, 79 Pac. 371, 68 L. R. A. 223; *Clough v. W. H. Healey Co.,* 53 Cal. App. 397, 200 Pac. 378.)

We conclude that the court was acting in excess of its jurisdiction in issuing the injunction which it did because the facts shown were insufficient to authorize such injunction. Therefore a writ of prohibition will lie providing there is no plain, speedy and adequate remedy in the ordinary course of the law.

The citation for contempt or rule to show cause is not such a final order that an appeal will lie therefrom. (*State ex rel. Peterson v. Superior Court,* 67 Wash. 370, 121 Pac. 836.) We do not believe that plaintiffs should be compelled to submit to a judgment for contempt and then avail themselves of any right to a writ of review which may exist in such a situation. Nor can we say that *habeas corpus,* which would not lie until they had actually suffered the inconvenience of imprisonment, would be an adequate remedy. (*State ex rel. Peterson v. Superior Court, supra.*)

The alternative writ heretofore granted restrains the trial court from proceeding further with the rule to show cause, or disposing of the crops on the lands involved in the action pending below. The record does not indicate that the defendants are considering a disposition of the crops. Inasmuch as our consideration of the court's jurisdiction has been confined solely to an investigation of its right to issue a mandatory injunction of the kind here issued, under the

facts of this case, we have not considered, nor do we determine, its authority to make such orders with reference to personal property involved in any pending litigation as may be required to protect the rights of all parties before it.

The demurrer to the petition is overruled.

That portion of the alternative writ restraining the trial court from proceeding further with the rule to show cause for violation of the order of August 21st is made permanent.

No costs allowed.

Budge, C. J., Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.

Petition for rehearing denied.