[Civ. No. 14727.   First Dist., Div. Two.   Apr. 24, 1951.]

BO KAY CHAN et al., Respondents, v. GERDON LAND COMPANY et al., Appellants.

Charles McLaughlin and Alfred J. Harwood for Appellants.

Russell P. Tyler and Harold L. Levin for Respondents.

GOODELL, J.—This appeal was taken from an order granting a preliminary injunction.

Appellant Gerdon Land Company is the owner of a piece of property in San Francisco on the westerly side of Grant Avenue between Sacramento and Clay Streets, with a frontage of 45.10 feet on Grant Avenue and a depth of 110 feet running through to the easterly line of Waverly Place.

On September 30, 1946, a lease written in Chinese characters was made by the land company to the plaintiffs, of a part of the premises for the term commencing October 1, 1946, and ending September 30, 1954, at the monthly rental of $300, for restaurant purposes. The father of the plaintiffs had occupied the same premises as a restaurant for many years before 1946.

The property is divided into three main parts. The Grant Avenue frontage of 45.10 feet is, roughly, in three 15-foot subdivisions. The northernmost 15-foot frontage is a store numbered 729 Grant Avenue; the middle 15-foot frontage is a store numbered 727, and the southernmost 15-foot frontage, numbered 723-725, is the corridor entrance to plaintiffs' restaurant which occupies the westerly part of the building in the rear of all three 15-foot frontages.

There is a light well near the center of the building, occupying an area 12 by 15 feet immediately back of the store numbered 727, which well the plaintiffs claim is part of their leased premises, while defendants claim the contrary.

For some time a screen door had led from the restaurant into the light well, which among other things enabled the restaurant's employees to go into the well for a breath of air. In the wall opposite, a window opened from the kitchen into the light well, supplying air and light to the kitchen. Sunken

beneath the floor of the light well were three concrete tanks which formerly were used by the restaurant for the storage of food.

The floor of the well was about 3 feet below that of the stores and restaurant, and steps connected the higher with the lower level at the doorway. In October, 1948, defendants extended the floor of the store at 727 Grant Avenue across the light well, thereby raising the floor of the well about 3 feet and cutting off access to the three concrete storage tanks. Defendants also boarded up the doorway into the well, thereby cutting off access thereto from the restaurant and removing one source of air, and they also made a change in the window. Over the well they built a new ceiling or roof.

The plaintiffs, claiming these acts to be a clear breach of the implied covenant of quiet enjoyment and an invasion in other respects of their rights as lessees filed this suit for an injunction. A restraining order was issued which was purely prohibitory in its terms. On the hearing for a preliminary injunction oral testimony was taken, supplemented by affidavits. The court in the preliminary injunction made a ''finding'' that the plaintiffs, by their use and occupancy of the light well area, ''have acquired an easement and legal right to use said area for the purposes hereinabove mentioned'' (ventilation and as a recreational area for the employees of plaintiff) and enjoined the defendants (1) from in anywise interfering with the rights of the plaintiffs to use such area ''and from preventing egress or ingress from said light well area in and to the demised premises in possession of the said plaintiffs'' and (2) ordering the defendants to ''forthwith remove all structures and other buildings, pertinances [sic] and property from said lightwell area and shall restore and reconstruct the former entrance from the said demised premises in and to said area and the windows separating the said demised premises from said lightwell, all of which shall restore the said lightwell in the same position and condition as it existed prior to the erection of the building and addition in said lightwell area by said defendants, as more particularly referred to in the complaint on file herein.''

The part of the injunction numbered (1) is, of course, purely preventive and prohibitory, while (2) is entirely mandatory.

■ Whether the light well was part of the leased premises was the basic issue in this case and one which could be decided only after a trial on the merits and after findings had been

made on every material issue. Upon the solution of that question hinges the question of the landlord's right to make the changes in the light well.

The injunction contains the "finding" of the acquisition by plaintiffs of certain rights in the light well, and that question, likewise, could be decided only after a trial.

There is another issue which could be decided only after a trial, namely, that raised by the plea of estoppel based on the allegation that the plaintiffs stood by without remonstrance while the defendants were at work on the light well. The importance of such issue, and the necessity for a finding thereon, need not be stressed.

The record shows that all alterations of a structural nature had been completed by defendants before this suit was filed. It is true that the wall was painted thereafter and a movable counter installed but no structural change was made. The net result of the mandatory part of the injunction was to require the defendants, before trial, to rip out parts of the property in litigation, and but for the taking of this appeal, that presumably would have been done.

Appellants' principal contention is that the injunction order "is erroneous because it requires the defendants to remove a structure erected by them . . . which structure was in existence at the time of the commencement of this action."

In *Miller & Lux* v. *Madera Canal etc. Co.*, 155 Cal. 59, 62-3 [99 P. 502, 22 L.R.A.N.S. 391] the court said: "The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the rights claimed by him. *When the cause is finally tried, it may be found that the facts require a decision against the party prevailing on the preliminary application.*" (Emphasis added.)

In *Hagen* v. *Beth*, 118 Cal. 330, 331 [50 P. 425], a preliminary injunction ordered the removal of certain trade signs. In reversing that part of the order the court said:

"To the extent that the injunction is mandatory it was erroneously granted. The granting of a mandatory injunction pending the trial, and before the rights of the parties . . . have been definitely ascertained by the chancellor, is not permitted except in extreme cases where the right thereto is

clearly established and it appears that irreparable injury will flow from its refusal. (High on Injunctions, sec. 2; *Gardner* v. *Stroever,* 81 Cal.148 [22 P. 483, 6 L.R.A. 90].) The showing in the record before us is not such as to entitle respondents to have the objectionable signs removed pending the final determination of the rights of the parties in the disputed name. *It cannot be determined therefrom what the final judgment as to those rights may or should be upon a trial of the action."* (Emphasis added.)

In *Gardner* v. *Stroever,* 81 Cal. 148, 150 [22 P. 483, 6 L.R.A. 90], it was said: "But, without regard to statutory provisions, it seems to be well settled that a very strong and urgent case is required to justify a mandatory preliminary injunction. A clear case of prospective injury for which the plaintiff will have no adequate remedy at law is indispensable."

There is no such showing in this record.

Other cases on the same general subject are cited in *Allen* v. *Hotel etc. Alliance & B. Int. League,* 97 Cal.App.2d 343, 347-9 [217 P.2d 699]. See, also, *Flood* v. *Goldstein Co.,* 158 Cal. 247, 250 [110 P. 916]; *Wright* v. *Board of Public Works,* 163 Cal. 328, 330 [125 P. 353], and 14 California Jurisprudence, page 178.

Appellants' second contention is that "A part of the relief granted by the injunction . . . is not within the issues raised by the complaint."

The injunction contains a declaration in the nature of a finding that the plaintiffs "have acquired an easement and legal right to use said [light-well] area" for the purposes of ventilation and for the recreation of the restaurant employees. Obviously such determination was premature. No claim of easement is alleged in the complaint, hence no such issue was properly before the court. However, it is not necessary to pass upon appellant's second point in view of our holding that no determination respecting the claimed easement could have been made in the injunction even if that issue had been raised by the complaint. (*Miller & Lux* v. *Madera Canal etc. Co., supra.*)

What was said in *Hagen* v. *Beth, supra,* is applicable to this case, i e.: "As to the merely preventive features of the injunction, we cannot say that the showing was insufficient to invoke the discretionary power of the court, and the order in that respect should stand."

Accordingly, the order is affirmed as to its preventive provisions.

It is reversed with respect to all parts thereof purporting to make findings of fact, including the statement "that the said plaintiffs have acquired an easement and legal right to use said area for the purposes hereinbefore mentioned"; also as to paragraph numbered "(2)" containing the mandatory provisions.

Appellants to recover their costs on appeal.

Nourse, P. J., and Dooling, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 18, 1951. Carter, J., voted for a hearing.